Case 4:22-cv-02739   Document 17   Filed on 05/10/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHEREASE ANTOINETTE LATIN, § | |
| BOP #21539-047 § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-22-2739 |
| § | |
| TONYA BENTON HAWKINS, Warden § | |
| FPC Bryan § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Federal inmate Sherease Antoinette Latin (BOP #21539-047) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging the improper denial of time credits under the First Step Act. (Docket Entry No. 1). Warden Tonya Benton Hawkins has responded to the petition with a motion for summary judgment. (Docket Entry No. 13). Latin asked for more time to respond to the motion, which the court granted. (Docket Entry No. 16). Latin's extended deadline of January 30, 2023, has expired without response to the summary judgment motion. Having reviewed the petition, the motion, the record, and the applicable law, the court grants Warden Hawkins's motion and dismisses Latin's petition without prejudice. The reasons are explained below.

**I.    Background**

In January 2020, Latin was sentenced to a 120-month prison sentence followed by 5 years of supervised release, based on a conviction for conspiracy to distribute 500 grams or more of methamphetamine. *See United States v. Latin*, No. 1:17-CR-514-JMS-3, at Docket Entry Nos. 1 and 144, Minute Entry for 7/17/2018 (D. Haw.); (Docket Entry No. 1 at 2–3).

On August 12, 2022, Latin filed a petition for a writ of habeas corpus, seeking 4,534 days of "Earned Time Credits" under the First Step Act.[1] (Docket Entry No. 1 at 2). Latin contends that the credits should be applied to reduce her prison sentence. She alleges that the Bureau of Prisons improperly calculated the First Step Act Time Credits she has earned. (*Id.*). Latin asserts that exhaustion of administrative remedies is not necessary in a habeas petition seeking First Step Act Time Credits. (*Id.* at 3). She claims that she has accumulated 9,068 days of credit, and she asks the court to "reduce her sentence by 4,534 days, and apply the rest of the credit towards supervised release[.]" (*Id.* at 2, 20).

In Warden Hawkins's motion for summary judgment, she contends that the petition should be dismissed without prejudice because Latin failed to exhaust her administrative remedies. (Docket Entry No. 13). Warden Hawkins attached the affidavit of Alice Diaz-Hernandez, the Associate Warden in charge of the Administrative Remedy Program at Federal Prison Camp Bryan, along with documents setting out the Bureau of Prisons administrative remedy process. (*See* Docket Entry No. 13-1). Latin submitted an informal resolution form on July 13, 2022. (*See* Docket Entry No. 13-1 at 38). The request was denied on July 14, 2022. (*See id.* at 37). Latin submitted her initial Request for Administrative Remedy on August 1, 2022. (*Id.* at 3, 34, 37). Warden Hawkins denied this request the next day. (*Id.* at 3, 36). Latin then filed an appeal to the Regional Director on August 23, 2022. (*Id*. at 3, 34). A response from the Regional Director was due by October 22, 2022. (*Id.* at 3). Latin has not appealed to the Office of the General Counsel. (*Id.*).

---

[1] The parties refer to the time credits earned under the First Step Act as "Earned Time Credits." The Bureau of Prisons rules refer to the credits as "FSA Time Credits." The court uses "First Step Act Time Credits" in this opinion to refer to those credits earned under the First Step Act.

Also attached to Warden Hawkins's motion is an affidavit of Rita Siler, the Case Management Coordinator at Federal Prison Camp Bryan, who is responsible for Correctional Programs and for ensuring compliance with national and local policy. (Docket Entry No. 13-2). In her affidavit, Siler identified the dates on which Latin was eligible to receive First Step Act time credits and explains the calculation of those credits. (*Id.*). Siler testified that as of October 12, 2022, Latin has earned 355 days of First Step Act Time Credits. (*Id.* at 3). Siler further testified that these 355 days of time credits "are being directed towards effectuating an early release to supervised release[,]" and that once Latin "hits the statutory cap on time credits for an early transfer, the credits will be applied towards prelease custody." (*Id.*).

Latin has not filed a response.

**II.     The Legal Standards**

    **A.     The Summary Judgment Standard**

Summary judgment is proper when the record shows that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (cleaned up). "The burden then shifts to the nonmovant to show the existence of a genuine fact issue for trial[.]" *Id.*

When determining whether factual disputes preclude summary judgment, the court views any disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.") (citation omitted). This general rule "applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th

3

Cir. 2000). The nonmoving party must point to record evidence that supports a conclusion that there are factual issues material to determining summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party may not rely on the allegations or denials in pleadings or on her own unsubstantiated assertions to avoid summary judgment. *See Anderson*, 477 U.S. at 256; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### B.     Pleadings from Self-Represented Litigants

Latin is representing herself. Habeas petitions filed by self-represented litigants are not held to the same standards as pleadings filed by lawyers, and instead must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Even under a liberal construction, a self-represented litigant "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (footnotes omitted).

## III.   Discussion

Warden Hawkins argues that Latin's habeas petition should be dismissed because she failed to fully exhaust the administrative remedies available to her through the Bureau of Prisons before filing her petition.

A prisoner must exhaust all available administrative remedies before challenging the administration of the sentence in a federal habeas petition. *See Gallegos-Hernandez v. United States,* 688 F.3d 190, 194 (5th Cir. 2012) (per curiam); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). A prisoner must "fairly present" all claims through all steps of the available administrative remedy process before pursuing

federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971)). Prisoners who voluntarily stop pursuing their administrative remedies prematurely have not exhausted those remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Similarly, a prisoner who either starts or continues administrative remedy proceedings after filing the habeas petition has not exhausted. *See Cartwright v. Outlaw*, 293 F. App'x 324, 324 (5th Cir. 2008) (per curiam); *Little v. U.S. Parole Comm'n*, 67 F. App'x 241, 2003 WL 21108493, at *1 (5th Cir. Apr. 21, 2003) (per curiam) (finding that an administrative appeal filed "right after" a prisoner files his or her habeas petition did not satisfy the exhaustion requirement). When a prisoner fails to exhaust the available administrative remedies before filing a habeas petition, the petition is subject to dismissal. *See Fuller*, 11 F.3d at 62.

Relevant to a claim for First Step Act Time Credits, the Bureau of Prisons provides a four-step administrative remedy process through which prisoners can present a complaint. *See* 28 C.F.R. §§ 542.10–542.18.[2] In the first step, the prisoner uses a BP-8 form to present the issue to staff at the facility where he or she is housed. *See* 28 C.F.R. § 542.13(a). If the issue is not resolved to the prisoner's satisfaction, the second step is for the prisoner to file a formal Administrative Remedy Request with the warden using a BP-9 form. *See* 28 C.F.R. § 542.14(a). The warden has 20 days to respond to the request, which may be extended for an additional 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within that time, including any extension, the request is deemed denied. *Id.* If the prisoner is not satisfied, the prisoner can appeal to the Regional Director within 20 days of the warden's response using a BP-10 form. *See* 28 C.F.R. § 542.15(a). The Regional Director has 30 days to respond to the appeal, a period that may be

---

[2] Hawkins also provided documents about the administrative remedy process in the affidavit from Hernandez attached to Hawkins's motion. (Docket Entry No. 13-1 at 5–12).

5

extended once for another 30 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* If the prisoner is not satisfied with the Regional Director's response, the final step requires the prisoner to appeal within 30 days of that response to the Office of General Counsel using a BP-11 form. *See* 28 C.F.R. § 542.15. That Office has 40 days in which to respond to the appeal, and this 40-day period may be extended once by 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* The appeal to the Office of General Counsel is the final administrative appeal provided by the Bureau of Prisons. *Id.*

The evidence Warden Hawkins provided shows that Latin failed to fully exhaust her administrative remedies before filing her habeas petition. Latin submitted an informal resolution form on July 13, 2022, requesting that her earned First Step Act Time Credits be applied to reduce her sentence. (*See* Docket Entry No. 13-1 at 38); *see* 28 C.F.R. § 542.13(a). The request was denied on July 14, 2022. (*See id.* at 3, 37). Latin submitted a formal Administrative Remedy Request on August 1, 2022. (*See id.* at 3, 37). That request was denied the next day. (*Id.* at 36). Ten days later, on August 12, 2022, Latin filed her habeas petition in this court, alleging that her First Step Act Time Credits were improperly calculated. Latin pursued the next step of the Bureau of Prisons administrative remedy process while her habeas petition was pending. (*See* Docket Entry No. 13-1). None of Latin's submissions in the administrative remedy process challenged whether the Bureau of Prisons accurately calculated her earned First Step Act Time Credits. (*See id.*). These documents show that Latin did not exhaust the available Bureau of Prisons administrative remedy steps before she filed her habeas petition in this court.

Latin has not satisfied her burden to show that there are factual disputes material to determining whether she properly and fully exhausted her available administrative remedies. Latin failed to fairly present her claim through all steps of the administrative remedy process before filing her habeas petition. Her petition is dismissed without prejudice for lack of exhaustion.

### IV.    Conclusion

The court grants the respondent's motion for summary judgment, Docket Entry No. 13, and dismisses Latin's petition without prejudice because she failed to exhaust her administrative remedies. The court denies as moot any remaining pending motions. No certificate of appealability will be issued. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (per curiam); *Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

SIGNED on May 10, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge